ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

TERESA DIANE GAULDING,             )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )   CV 309-056
                                    )
MICHAEL J. ASTRUE, Commissioner of  )
Social Security Administration,     )
                                    )
        Defendant.                  )

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Teresa Diane Gaulding ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

### I.     BACKGROUND

Based on claims of disability dating back to August 23, 2005, Plaintiff protectively applied for DIB and SSI benefits on October 5, 2005. Tr. ("R"), pp. 55, 373. The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R.

35, 36, 393, 398. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ held a hearing on April 11, 2007. R. 32, 403-30. Plaintiff, who was represented by counsel, appeared and testified on her own behalf at the hearing. R. 403-30. The ALJ also heard testimony from a vocational expert ("VE") at the hearing. R. 423-25. On October 3, 2007, the ALJ issued an unfavorable decision. R. 14-23.

Applying the sequential evaluation process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since August 23, 2005, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe impairments: four coronary artery bypass grafts, moderate depression, pain disorder and borderline intellectual functioning (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform sedentary work with exceptions.[1] The claimant can lift or carry a maximum of 10 pounds. The claimant can do no prolonged standing

---

[1] Sedentary work involves:

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

2

and walking. The claimant has no limitations in her ability to sit. The claimant can occasionally balance, kneel, stoop, crouch, crawl and climb ramps or stairs. The claimant can not work on ladders, ropes, or scaffolds or at unprotected heights. The claimant can occasionally perform overhead work with her left non-dominant hand. The claimant has no visual or communicative limitations. The claimant can perform simple 1 to 3 step work and should not deal excessively with the general public. The claimant is unable to perform any of her past relevant work (20 CFR §§ 404.1565 and 416.965).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1560(c), 404.1566, 416.960(c), and 416.966).[2] The claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

R. 16-23.

When the Appeals Council ("AC") denied Plaintiff's request for review (R. 5-9), the Commissioner's decision was "final" for the purpose of judicial review under 42 U.S.C. § 405(g). Having failed to convince the AC to review her case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting reversal of the adverse decision and remand to the Commissioner for further consideration. Specifically, Plaintiff argues that the ALJ erred by (1) failing to consider the combination of Plaintiff's impairments in that he did not address Plaintiff's back pain, (2) failing to properly address Plaintiff's subjective complaints, and (3) failing to make a proper RFC determination resulting in proposing an improper hypothetical question to the VE. (See generally doc. no. 7) (hereinafter "Pl.'s Br.").

---

[2]The VE testified that an individual with Plaintiff's RFC would be able to perform the requirements of a Table Worker (DOT # 738.687-182), Telephone Order Clerk (DOT # 209.567-014), and Patcher (DOT # 723.687-010). R. 22-23.

3

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

4

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. Assessment of Plaintiff's Back Pain

Plaintiff first contends that the ALJ failed to properly consider the combination of her impairments because the ALJ did not account for her back pain. The Commissioner maintains that Plaintiff failed to provide any medical evidence that supported her claim of severe back pain, and therefore, the ALJ properly considered only the severe impairments supported by the record. Comm'r Br., pp 4-7. The Commissioner has the better argument.

A severe impairment is one which significantly limits one's ability to perform "basic work activities." 20 C.F.R. §§ 404.1521(a) & 416.921(a) ("Non-severe impairment(s). An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Basic work activities involve "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b) & 416.921(b). Examples include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;

5

(4) Use of judgment;
(5) Responding appropriately to supervision, co-workers and usual work situations; and
(6) Dealing with changes in a routine work setting.

Id.

Thus, in order to show a severe impairment, Plaintiff bears the burden of demonstrating that her problems significantly affect her ability to perform basic work activities. See McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986); Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984) (*per curiam*). At the second step of the sequential evaluation process,

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. §§ 404.1520(c) & 416.1520(c). However, the severity test at step two of the sequential process is designed to screen out only clearly groundless claims. Stratton v. Bowen, 827 F.2d 1447, 1452 (11th Cir. 1987) (citing Baeder v. Heckler, 768 F.2d 547, 551 (3d Cir. 1985), for the proposition that the severity test has been described "as a de minimis requirement which only screens out those applicants whose medical problems could 'not possibly' prevent them from working").

In fact, the Eleventh Circuit describes step-two as the "slight abnormality" test. Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987) (*per curiam*) (citing Brady, 724 F.2d 914). Under this test,

> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would

6

not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.

Id. As the Eleventh Circuit has explained, "[s]tep two is a threshold inquiry" and "allows only claims based on the most trivial impairments to be rejected." McDaniel, 800 F.2d at 1031. The claimant's burden is "mild," id., and "the claimant need only show that an abnormality's effect is not so minimal that it would not interfere with his ability to work irrespective of age, education, or work experience." Cantrell v. Bowen, 804 F.2d 1571, 1573 (11th Cir. 1986) (*per curiam*).

In determining a claimants alleged impairments, the Social Security Administration has a regulation that provides that if the information it needs to assess the alleged impairment is not readily available from the records of the claimant's medical treatment source, or it is unable to seek clarification from the claimant's medical source, it will ask the claimant to attend one or more consultative examinations at its expense. 20 C.F.R. § 416.912(f). In this case, although Plaintiff in her brief now argues otherwise,[3] at the hearing before the ALJ, she acknowledged that the evidence provided to the ALJ was devoid of any medical treatment records showing she had back problems. R. 426. Indeed, Plaintiff maintained that there was nothing in the record because "it all happened after she had the surgery." Id. Because there were no medical treatment records that addressed Plaintiff's alleged back

---

[3] Plaintiff now maintains that "despite medical records and testimony showing that she complained of low back pain[,] there is no mention of this diagnosis in the decision other than a cursory statement made regarding her failure to appear at a consultative examination." Pl.'s Br., pp. 6-7. Plaintiff acknowledges, however, that there are only two entries in the record that reference that she had back pain, the first, is her statement during a psychological consultative examination that she had severe back and shoulder pain that reached a 10 daily on a scale of 1 to 10 (R. 415), and the second is her testimony at the hearing that her back bothers her if she sits, stands, or lies down too long (R. 362).

7

problem, the ALJ scheduled a consultative neurological examination. R. 372. Plaintiff failed to appear for her first scheduled appointment. R. 371. After Plaintiff failed to appear for her appointment, a second appointment was scheduled; Plaintiff again failed to appear for her appointment. Id. Notably, Plaintiff did not provide any reason for her failure or refusal to appear.

The applicable regulations provide that refusal to attend a consultative examination, without a good reason, can result in a finding of not disability based on the evidence in the record. See 20 C.F.R. § 416.918(a) ("If you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you to get information we need to determine your disability . . . , we may find that you are not disabled . . . ."). Good reasons for failing to appear at a consultative examination include the following: (1) illness on the date of the scheduled examination or test; (2) not receiving timely notice of the scheduled examination or test, or receiving no notice at all; (3) being furnished incorrect or incomplete information, or being given incorrect information about the physician involved or the time or place of the examination or test; (4) having a death or serious illness in the claimant's immediate family; or (5) the claimant's treating physician objects to the examination or test. Id. § 416.918(b), (c). However, when the Social Security Administration is not provided with the medical and other evidence that it needs and requests, a decision as to disability will be made based on the information available. 20 C.F.R. § 404.1516.

As noted above, Plaintiff did not provide any reason, let alone, good cause, for her failure to appear for her scheduled and re-scheduled consultative examinations. Thus, the

ALJ appropriately based his decision of Plaintiff's disability on the record before him. As the record only contained two entries based on Plaintiff's testimony that she had back pain, but no medical treatment records, the ALJ's decision not to include back pain as a medically determinable severe impairment was supported by the record. Thus, the ALJ's opinion took into account Plaintiff's multiple impairments and considered Plaintiff's combination of impairments but found that they did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). Therefore, Plaintiff's argument on this point is without merit.

### B. Assessment of Plaintiff's Subjective Complaints

Plaintiff next argues that the ALJ improperly rejected her subjective complaints concerning her disabling symptoms. Pl.'s Br., pp. 8-9. More specifically, Plaintiff complains that the ALJ failed to articulate his specific reasons for rejecting her credibility. Id. The Commissioner submits that the ALJ had a sufficient basis for assessing the credibility of Plaintiff's complaints and declining to credit them fully. Comm'r Br., p. 6. Interestingly, however, the Commissioner does acknowledge, "The ALJ's rationale [for rejecting Plaintiff's subjective complaints] could have been articulated more clearly. . . ." Id.

The Eleventh Circuit has established a three-pronged test for evaluating a claimant's complaints of pain and other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that

9

confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*).[4] As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted).

In this case, the ALJ found that Plaintiff's severe impairments were: four coronary artery bypass grafts, moderate depression, pain disorder and borderline intellectual functioning. R. 16. In determining Plaintiff's RFC, the ALJ noted that Plaintiff's symptoms

---

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

concerning her functionally limiting effects of pain sometimes suggested a greater level of severity of impairment than was shown by the objective medical events. R. 18. Accordingly, the ALJ noted that he must make a finding on the credibility of Plaintiff's statements based on consideration of the record. Id.

The ALJ then recounts Plaintiff's medical treatment history, but he fails to provide a clear analysis concerning why Plaintiff's medical records did not support her stated limitations. Indeed, after listing Plaintiff's medical treatment history, the ALJ simply states:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimants statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

R. 21. Here, the ALJ's written decision fails to properly apply the Holt analysis. In other words, although the ALJ attempted to address Plaintiff's subjective allegations, as noted by the Commissioner, he did not clearly articulate his reasons per Holt, for discrediting Plaintiff's subjective allegations. Instead of citing specific examples in the record that would discredit Plaintiff's allegations concerning the intensity, persistence, and limiting effects of her symptoms, the ALJ generally concludes, without explaining why, her allegations were not supported by the record, and thus, Plaintiff was not credible. For example, in his decision, the ALJ notes that the state agency physicians concluded that Plaintiff was capable of performing work at a medium exertional level; nonetheless, the ALJ gave their opinions little weight and concluded that Plaintiff was limited to perform work at a sedentary exertional level. R. 20. Nowhere in his opinion does the ALJ explain how Plaintiff's

subjective complaints concerning her limitations, affected his determination of an impact on her impairments. Therefore, the Court concludes that the case should be remanded so that the ALJ can more fully explain his reasoning as it relates to Plaintiff's subjective complaints.[5]

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 26th day of July, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5]In light of the recommendation for remand to properly explain his reasoning as it relates to Plaintiff's subjective complaints, the Court need not resolve Plaintiff's argument that the ALJ failed to make a proper RFC determination and therefore failed to pose a proper hypothetical to the VE. Pl.'s Br., pp. 9-12. Of course, on remand, Plaintiff's claims must be evaluated in compliance with the applicable regulations and case law in all aspects. For example, the underlying assumptions of hypothetical questions must accurately and comprehensively reflect the claimant's characteristics. Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.").